UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LABORERS' PENSION FUND and )
LABORERS' WELFARE FUND OF THE ) Judge John W. Darrah
HEALTH AND WELFARE DEPARTMENT )
OF THE CONSTRUCTION AND GENERAL )
LABORERS' DISTRICT COUNCIL OF )
CHICAGO AND VICINITY and )
JAMES S. JORGENSEN, Administrator )
of the Funds, )
 )
                    Plaintiffs, ) Case No. 06 C 6116
 )
v. )
 )
CBI SERVICES, INC., a Delaware corporation, )
 )
                    Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs – Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and James S. Jorgensen – filed suit, alleging failure to submit to an audit and failure to maintain a surety bond. Presently before the Court is a motion to dismiss by Defendant, CBI Services, Inc.

A reading of the Amended Complaint supports the following summary of the alleged operative conduct of the parties.

Plaintiffs and Defendant entered into successive collective bargaining agreements, the most recent of which became operative June 1, 2006. The first agreement, dated March 18, 1991, states that the agreement shall remain effective until the completion of a construction project with Commonwealth Edison. The agreements, in pertinent part, require Defendant to submit its books and records to the Plaintiffs on demand for auditing and to

maintain a surety bond to ensure payment of future wages, pension and welfare contributions. Defendant has not submitted its books for a requested audit since January 1, 2001, and has failed to maintain a surety bond.

In reviewing a motion to dismiss, the court considers all allegations in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A filing under the Federal Rules of Civil Procedure should be "short and plain," and it suffices if it notifies the defendant of principal events. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (*Hoskins*). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9 (Pleading Special Matters, *i.e.*, fraud, mistake, etc.). *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 713 (7th Cir. 2006) (*Kolupa*). In other words, any movant "tempted to write 'this Complaint is deficient because it does not contain . . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Kolupa*, 438 F.3d at 713, *quoting Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original).

Defendant seeks dismissal of Plaintiffs' claims of failure to submit to an audit and failure to maintain a surety bond, arguing that the allegations cannot, as a matter of law, support Plaintiffs' claims.

Defendant argues that no valid contract exists between the two parties and that the written contract attached to Plaintiffs' Amended Complaint has not been binding or operative for over a decade, expiring upon the completion of the construction project referenced in the contract. Additionally, Defendant argues that Plaintiffs' Amended Complaint lacks any

2

allegation of any written contract or conduct that might have created a continuing contractual relationship, as alleged by paragraph 6 of Plaintiffs' Amended Complaint.

Defendant's arguments in favor of dismissal are premature. Plaintiffs need not plead facts or the elements of the cause of action. *Kolupa*, 438 F.3d at 713. Instead, Plaintiffs need only to give Defendant notice of principal events. *Hoskins*, 320 F.3d at 764. Here, Plaintiffs have met this requirement by pleading that a collective bargaining agreement exists between the two parties and that, in violation of the agreement, Defendant failed to submit its books and records for auditing and failed to maintain a surety bond. Defendant claims that the facts will fall short of proving that the two parties were bound by a contract upon the expiration of the original agreement, if in fact this agreement did expire. However, the extent to which the parties were bound by the written contract or otherwise is a factual issue that is not now properly considered.

For the foregoing reasons, Defendant's motion to dismiss is denied.

Dated: February 28, 2007

JOHN W. DARRAH
United Stated District Court Judge

3